IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ANTHONY L. SUMMERS | § | |
| VS. | § | CIVIL ACTION NO. 1:05cv291 |
| STATE OF TEXAS | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Anthony L. Summers, a prisoner confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of mandamus pursuant to 28 U.S.C. § 1651. Petitioner failed to submit either the full $250 filing fee, instead petitioner submitted a motion to proceed *in forma pauperis* in this action.

### Discussion

Petitioner complains of this court's dismissal of a previous civil action, civil action number 1:05cv31, styled *Summers v. State*. Additionally, petitioner complains of his conditions of confinement. Petitioner contends he has been retaliated against, denied access to the courts, and subjected to cruel and unusual punishment.

### Analysis

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints. The statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on three or more occasions . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1]

The "three strikes rule" of Section 1915(g) prevents prisoners from filing a petition for a writ of mandamus when the underlying action is civil in nature. *In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998). Section 1915(g) applies to this action because at least three of petitioner's prior lawsuits or appeals have been dismissed as frivolous.[2] As a result, petitioner is barred from bringing this action *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed this lawsuit. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).

Petitioner's allegations do not demonstrate that he was in imminent danger of serious harm when he filed this lawsuit. Accordingly, he is barred from proceeding *in forma pauperis* in this action.

---

[1] Section 1915(g) applies to mandamus petitions arising from underlying civil actions such that a prisoner who has accumulated three such strikes must prepay the full filing fee. *In re Jacobs*, 213 F.3d 289, 290-91 (5th Cir. 2000).

[2] *Summers v. Unidentified Party*, Civil Action No. 1:03cv459 (E.D. Tex. Mar. 8, 2004) (dismissed as frivolous); *Summers v. Gibson*, Civil Action No. 1:03cv1406 (E.D. Tex. Jan. 12, 2004) (dismissed as frivolous), *appeal dismissed as frivolous*, No. 04-40101 (5th Cir. Aug. 18, 2004); *Summers v. Goodwell*, Civil Action No. 4:03cv55 (S.D. Tex. Sept. 24, 2003) (dismissed as frivolous and for failure to state a claim); *Summers v. White*, Civil Action No. 1:02cv797 (E.D. Tex. Dec. 19, 2002) (dismissed as frivolous).

<u>Conclusion</u>

For the reasons set forth above, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). An appropriate final judgment shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this the 3 day of **May, 2005.**

_____
Thad Heartfield
United States District Judge